AUGUST 28, 2002

No. 02–6010 (02A164). PATTERSON *v.* TEXAS. Ct. Crim. App. Tex.; and

No. 02–6017 (02A165). IN RE PATTERSON. Applications for stay of execution of sentence of death, presented to JUSTICE SCALIA, and by him referred to the Court, denied. Certiorari denied. Petition for writ of habeas corpus denied.

JUSTICE STEVENS, dissenting.

Petitioner was convicted of capital murder and sentenced to death for a crime he committed when he was 17 years old. In his dissenting opinion in *Stanford* v. *Kentucky,* 492 U. S. 361, 382 (1989), Justice Brennan, writing for four Members of the Court, explained why the Eighth Amendment prohibits the taking of the life of a person as punishment for a crime committed when below the age of 18. I joined that opinion and remain convinced that it correctly interpreted the law. Since that opinion was written, the issue has been the subject of further debate and discussion both in this country and in other civilized nations. Given the apparent consensus that exists among the States and in the international community against the execution of a capital sentence imposed on a juvenile offender, I think it would be appropriate for the Court to revisit the issue at the earliest opportunity. I would therefore grant a stay of this execution to give the Court an opportunity to confront the question at its next scheduled conference in September. Accordingly, I respectfully dissent from the denial of a stay.

JUSTICE GINSBURG, with whom JUSTICE BREYER joins, dissenting.

This Court's decision in *Atkins* v. *Virginia, ante,* p. 304, made it tenable for a petitioner to urge reconsideration of *Stanford* v. *Kentucky,* 492 U. S. 361 (1989), in which the Court rejected an Eighth Amendment challenge to the execution of a person as punishment for a crime committed while under the age of 18. For the reasons stated by JUSTICE STEVENS, I think it appropriate to revisit the issue at this time. I therefore join JUSTICE STEVENS in dissenting from the denial of a stay.